## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| 401 PROPERTIES LIMITED PARTNERSHIP, | ) | Case No. 14-44983 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

---

## CHAPTER 11 PLAN OF 401 PROPERTIES LIMITED PARTNERSHIP

---

March 18, 2015
Chicago, Illinois


Peter J. Roberts
John W. Guzzardo
**Shaw Fishman Glantz & Towbin LLC**
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151


ATTORNEYS FOR THE DEBTOR IN POSSESSION

## INTRODUCTION

401 Properties Limited Partnership ("Debtor"), debtor in possession in the above-caption chapter 11 case, proposes the following as its plan of liquidation pursuant to the provisions of chapter 11 of the Bankruptcy Code.  Reference is made to the Disclosure Statement for a discussion of the Debtor's history, business and operations, risk factors and other related matters.  The Disclosure Statement also provides a summary of this Plan.

## ARTICLE I

## DEFINED TERMS AND RULES OF INTERPRETATION

As used herein, capitalized terms have the meanings set forth below.  Any term that is not otherwise defined herein, but that is defined in the Bankruptcy Code or the Bankruptcy Rules, will have the meaning given to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable.

**1.1**    **Definitions**

**"Administrative Claim"** means a Claim for a cost or expense of administration of the Chapter 11 Case allowable under sections 503(b) or 1114(e)(2) of the Bankruptcy Code and entitled to priority pursuant to section 507(a) of the Bankruptcy Code, including: (i) any actual and necessary cost and expense, incurred by the Debtor after the Petition Date, of preserving the Estate and operating the Debtor's business, including wages, salaries or commissions for services rendered after the commencement of the Cases; (ii) Professional Fee Claims; and (iii) all fees and charges properly assessed against the Estate pursuant to 28 U.S.C. § 1930.

**"Allowed Claim"** means a Claim: (a) scheduled by the Debtor as undisputed, not contingent and liquidated; (b) as to which no objection or request for estimation has been filed on or before the Claims Objection Deadline or the expiration of such other applicable period fixed

by the Bankruptcy Court; (c) as to which any objection has been settled, waived, withdrawn or denied by a Final Order; or (d) that is Allowed (i) by a Final Order, (ii) by an agreement between the Holder of such Claim and the Debtor, or (iii) pursuant to this Plan.  For the purpose of computing distributions under this Plan, Allowed Claims shall not include penalties, punitive damages or interest with respect to such Claim accruing from and after the Petition Date, except as provided in section 506(b) of the Bankruptcy Code, or as otherwise expressly set forth in this Plan.

**"Bankruptcy Code"** means title 11, United States Code, as now in effect or hereafter amended.

**"Bankruptcy Court"** means the United States District Court having jurisdiction over the Chapter 11 Case pursuant to section 1334 of title 28 of the United States Code and, to the extent any reference of the Chapter 11 Case is made pursuant to section 157 of title 28 of the United States Code and the internal procedures of the District Court, the bankruptcy unit of the District Court and the Bankruptcy Judge presiding over the Chapter 11 Case.

**"Bankruptcy Rules"** means the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, as now in effect or hereafter amended.

**"Cash"** means legal tender of the United States of America and equivalents thereof.

**"Chapter 11 Case"** means the case under chapter 11 of the Bankruptcy Code commenced by the Debtor in the Bankruptcy Court.

**"Claim"** shall have the meaning set forth in section 101(5) of the Bankruptcy Code.

**"Claims Objection Deadline"** means the last day for Filing objections to Claims or Interests established by order of the Bankruptcy Court.

"**Class**" means a category of Holders of Claims or Interests as described in Article II of this Plan.

"**Confirmation Date**" means the date on which the Clerk of the Bankruptcy Court enters the Confirmation Order on the docket of the Bankruptcy Court.

"**Confirmation Hearing**" means the hearing held by the Bankruptcy Court pursuant to section 1128 of the Bankruptcy Code to consider confirmation of this Plan, as such hearing may be adjourned or continued from time to time.

"**Confirmation Order**" means the order of the Bankruptcy Court, in form and substance satisfactory to the Debtor, confirming this Plan pursuant to section 1129 of the Bankruptcy Code.

"**Debtor**" has the meaning assigned to it in the Introduction.

"**Disbursing Agent**" means the Person or Entity that may be designated in the Liquidating Trust Agreement and/or Confirmation Order to make distributions under this Plan.

"**Disclosure Statement**" means that certain document as defined in section 1125(b) of the Bankruptcy Code relating to this Plan, including all exhibits and schedules thereto, as will be filed separately and as thereafter amended or supplemented from time to time, and as approved by order of the Bankruptcy Court.

"**Disputed Claim**" means any Claim (a) as to which the Debtor or Liquidating Trustee has interposed a timely objection or request for estimation in accordance with the Bankruptcy Code and the Bankruptcy Rules, (b) scheduled as disputed, unliquidated or contingent, or not scheduled, (c) subject to setoff, recoupment or any avoidance action arising under sections 544-550 of the Bankruptcy Code, or (d) otherwise disputed by the Debtor in accordance with applicable law, which objection has not been withdrawn or determined by a Final Order.

**"Disputed Interest"** means an Interest (a) as to which the Debtor has interposed a timely objection in accordance with the Bankruptcy Code and the Bankruptcy Rules, (b) that has not been scheduled, or (c) is otherwise disputed by the Debtor in accordance with applicable law.

**"Distribution Date"** means the initial date, after the Effective Date upon which the initial and all subsequent distributions will be made to or on account of the Holders of Allowed Claims.

**"Effective Date"** means the first date on which all of the conditions precedent described in Section 5.1 of this Plan have occurred or have been waived in accordance with Section 5.1 of this Plan.

**"Estate"** means the Debtor's estate created under section 541 of the Bankruptcy Code.

**"File, Filed or Filing"** means file, filed or filing with the Bankruptcy Court or its authorized designee in the Chapter 11 Case.

**"Final Order"** means an order of the Bankruptcy Court as to which the time to appeal, petition for certiorari or motion for reargument or rehearing has expired and as to which no appeal, petition for certiorari or other proceedings for reargument or rehearing shall then be pending or as to which any right to appeal, petition for certiorari, reargue or rehear shall have been waived in writing in form and substance satisfactory to the Debtor or, in the event that an appeal, writ of certiorari or reargument or rehearing thereof has been sought, such order of the Bankruptcy Court shall have been determined by the highest court to which such order was appealed, or certiorari, reargument or rehearing shall have been denied and the time to take any further appeal, petition for certiorari or motion for reargument or rehearing shall have expired; provided, however, that the possibility that a motion under Rule 59 or Rule 60 of the Federal

Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules, may be filed with respect to such order shall not preclude such order from being a Final Order.

**"General Unsecured Claim"** means a Claim that is not an Administrative Claim, a Priority Tax Claim, a Non-Tax Priority Claim, or a Secured Claim.   A Claim arising from the rejection of an executory contract or unexpired lease, and Claims allowable under section 502(h) of the Bankruptcy Code shall be General Unsecured Claims.

 **"Holder"** means, when used in reference to a Claim or Interest, an Entity, Person or Governmental Unit that owns such Claim or Interest.

**"Impaired"** means, when used in reference to a Claim or Interest, a Claim or Interest that is impaired within the meaning of section 1124 of the Bankruptcy Code.

**"Interest"** means the legal, equitable, contractual and other rights of the Holders of any partnership interests in the Debtor.

**"Junior Noteholder"** means the Noteholder of the Junior Note.

**"Junior Note"** means the promissory note dated March 11, 2009 executed by the Debtor in favor of Fortuna Stream, L.P. in the original principal amount of $3,236,308.81.

 **"Lien"**  shall have the meaning set forth in section 101(37) of the Bankruptcy Code.

**"Liquidating Trust"** means a liquidating trust that will be established for the benefit of Holders of Allowed Claims pursuant to the Plan and in accordance with the terms of the Liquidating Trust Agreement.

**"Liquidating Trust Agreement"** means the Liquidating Trust Agreement that will establish the Liquidating Trust subject to amendment not later than five days before the Confirmation Hearing.

**"Liquidating Trustee"** means the person or entity who shall become trustee of the Liquidating Trust upon the Effective Date.

**"Liquidation Proceeds"** means all available Cash on hand as of the Effective Date in addition to Cash to be received from the resolution of Litigation Claims and the sale or disposition of the Property and all of the Debtor's remaining property including all interests therein, Net of expenses (including professional fees and expenses) of such resolution and disposition.

**"Litigation Claims"** means the causes of action, rights, suits or proceedings, whether in law or in equity, whether known or unknown, that the Debtor or the Estate may hold against any Person, Entity or Governmental Unit arising (a) under the Bankruptcy Code, including causes of action arising under chapter 5 of the Bankruptcy Code, or (b) any non-bankruptcy law, statute, rule, regulation or ordinance.

**"Net"** means, with respect to Cash proceeds received from the disposition or collection of any particular asset, the Cash proceeds remaining after payment of (i) all taxes related to the disposition or collection of such assets, (ii) any incurred or anticipated costs of administering the Liquidating Trust, and (iii) all costs and expenses related to the Disposition, collection, enforcement, settlement, pursuit, improvement, maintenance, and operation of such assets, including, without limitation, brokers' fees and expenses and attorneys' fees and expenses.

**"Non-Tax Priority Claim"** means a Class 1 Claim, other than an Administrative Expense Claim or Priority Tax Claim, that is entitled to priority in payment pursuant to sections 507(a)(3), (4), (5), (6), (7) or (9) of the Bankruptcy Code.

**"Noteholder"** means the person or entity entitled to enforce a promissory note within the meaning of 810 ILCS 5/3-301 ("Person entitled to enforce instrument").

"**Other Secured Claim**" means a Secured Claim other than the Secured Claims of the Senior Noteholder and the Junior Noteholder.

"**Petition Date**" means December 18, 2014, the date on which the Debtor filed its petition for relief commencing the Chapter 11 Case.

"**Plan**" means this Plan and all supplements, appendices and schedules hereto, either in its present form or as the same may be altered, amended or modified from time to time.

"**Priority Tax Claim**" means a Claim of a Governmental Unit of the kind specified in sections 502(i) and 507(a)(8) of the Bankruptcy Code.

"**Professional**" means (a) any professional employed in the Chapter 11 Case pursuant to section 327 or 1103 of the Bankruptcy Code or otherwise, and (b) any professional or other entity seeking compensation or reimbursement of expenses in connection with the Chapter 11 Cases pursuant to section 503(b)(4) of the Bankruptcy Code.

"**Property**" means the office building commonly known as 401 S. LaSalle St., Chicago, Illinois and all of the interests of the Debtor and the Estate therein.

"**Record Date**" means the record date for purposes of making distributions under the Plan on account of Allowed Claims, which date shall be the Effective Date.

"**Secured Claim**" means a Claim that is secured by a Lien on property in which the Debtor's Estate has an interest or that is subject to setoff under section 553 of the Bankruptcy Code, to the extent of the value of the Claim Holder's interest in the Debtor's Estate's interest in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to section 506(a) of the Bankruptcy Code or, in the case of a setoff, pursuant to section 553 of the Bankruptcy Code.

"**Senior Noteholder**" means the Noteholder of the Senior Notes.

"**Senior Notes**" means the two promissory notes dated March 10, 2009 executed by the Debtor in favor of Bridgeview Bank Group in the original principal amounts of $6,274,288.46 and $1,600,711.54, respectively.

"**Tenant Leases**" means all unexpired leases of a portion of the Property under which the Debtor is the lessor and that is subject to assumption or rejection under sections 365 or 1123 of the Bankruptcy Code.

"**Trust Assets**" means all assets of the Estate that will be transferred to the Liquidating Trust, including the Liquidation Proceeds, the Property and all other property of the Estate.

"**Unimpaired Claim**" means a Claim that is not impaired within the meaning of section 1124 of the Bankruptcy Code.

1.2     **Rules of Interpretation and Computation of Time.**  For purposes of this Plan, unless otherwise provided herein: (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, will include both the singular and the plural; (b) unless otherwise provided in this Plan, any reference in this Plan to a contract, instrument, release or other agreement or document being in a particular form or on particular terms and conditions means that such document will be substantially in such form or substantially on such terms and conditions; (c) any reference in this Plan to an existing document or schedule, Filed or to be Filed, means such document or schedule, as it may have been or may be amended, modified or supplemented pursuant to this Plan; (d) any reference to an entity as a Holder of a Claim or Interest includes that entity's successors and assigns; (e) all references in this Plan to Sections, Articles and Schedules are references to Sections, Articles and Schedules of or to this Plan; (f) the words "herein," "hereunder" and "hereto" refer to this Plan in its entirety rather than to a particular portion of this Plan; (g) captions and headings to Articles and Sections are inserted

for convenience of reference only and are not intended to be a part of or to affect the interpretation of this Plan; (h) the rules of construction set forth in section 102 of the Bankruptcy Code and in the Bankruptcy Rules will apply; and (i) in computing any period of time prescribed or allowed by this Plan, the provisions of Bankruptcy Rule 9006(a) will apply.

**ARTICLE II**

**CLASSIFICATION OF CLAIMS AND INTERESTS**

2.1    **Unclassified Claims**.  In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims have not been classified.

2.2    **Classification of Claims and Interests**.  A Claim or Interest shall be included in a particular Class only to the extent that the Claim or Interest qualifies within the description of that Class and shall be classified in a different Class or Classes to the extent that any remainder of such Claim or Interest qualifies for the description of such different Class or Classes.  A Claim or Interest is placed in a particular Class for the purpose of receiving distributions pursuant to the Plan only to the extent that such Claim or Interest is an Allowed Claim or Allowed Interest in that Class and such Claim or Interest has not been paid, released or otherwise settled before the Effective Date.   The Bankruptcy Court shall have exclusive jurisdiction over any dispute concerning the classification of Claims or Interests, and resolution of any such dispute shall not be a condition precedent to entry of a Confirmation Order or consummation of this Plan.  The Claims or Interests against or in the Debtor are classified as follows:

(i)    **Class 1 – Non-Tax Priority Claims.**  Class 1 Claims consist of all Allowed Claims that are Non-Tax Priority Claims.

(ii)    **Class 2 – Secured Claims of the Senior Noteholder.**  Class 2 Claims consist of the Allowed Claims of the Senior Noteholder that are Secured Claims.

(iii)    **Class 3 – Secured Claims of the Junior Noteholder.**  Class 3 Claims consist of
the Allowed Claims of the Junior Noteholder that are Secured Claims.

(iv)    **Class 4 – Unsecured Claims.**  Class 4 Claims consist of all Allowed Claims that
are General Unsecured Claims, including Claims that are allowed pursuant to order of the
Bankruptcy Court, Claims allowed pursuant to sections 502(g), 502(h) and 502(i) of the
Bankruptcy Code, and deficiency Claims allowed pursuant to section 506(a) of the Bankruptcy
Code and Bankruptcy Rule 3012.

(v)    **Class 5 – Other Secured Claims.**  Class 5 Claims consist of all Allowed Claims
that are Other Secured Claims.

(vi)    **Class 6 – Interests.**  Class 6 Interests consist of all Interests.

## ARTICLE III

## TREATMENT OF CLAIMS AND INTERESTS

**3.1    Unclassified Claims.**

(i)    *Administrative Claims.*  Each Holder of an Allowed Administrative Claim
entitled to priority pursuant to sections 507(a)(2) or 507(b) of the Bankruptcy Code shall be paid
by the Debtor in full, without interest, or on such other terms as may be agreed upon by such
Holder and the Debtor, on the Effective Date or as soon thereafter as may be practicable,
*provided, however*, that if such Holder's Administrative Claim is (a) disputed as to amount,
validity, priority or enforceability or (b) subject to setoff by reason of an action that is or may be
brought by the Debtor, or otherwise, then such Administrative Claim shall be payable only to the
extent allowed by order of the Bankruptcy Court.  Furthermore, no payment on account of an
Administrative Claim for a Professional's fees allowable pursuant to sections 330 and 331 of the
Bankruptcy Code and Bankruptcy Rule 2016, or any other applicable provision shall be made

until such Claim is Allowed by order of the Bankruptcy Court.  Bankruptcy fees accrued and payable pursuant to 28 U.S.C. § 1930 through and including the Effective Date shall be paid in full on or before the Effective Date.

(ii)    ***Priority Tax Claims***.  Each Holder of an Allowed Claim for taxes entitled to priority pursuant to section 507(a)(8) of the Bankruptcy Code shall be paid by the Debtor in full, without interest, or on such other terms as may agreed upon by such Holder and the Debtor, on the Effective Date or as soon thereafter as may be practicable.

**3.2    Unimpaired Classes of Claims**.

(i)    ***Class 1 Non-Tax Priority Claims***.  Class 1 Claims are not Impaired under the Plan.  Under this Plan, each Holder of an Allowed Non-Tax Priority Claim shall be paid by the Debtor in full, without interest, or on such other terms as may be agreed upon by such Holder and the Debtor, on the Effective Date.

**3.3    Impaired Classes of Claims.**

(i)    ***The Class 2 Secured Claims of the Senior Noteholder***.  The Class 2 Claims of the Senior Noteholder are Impaired under the Plan.  Under this Plan, the Holder of the Allowed Class 2 Claims shall (a) retain past the Effective Date their pre-Petition Date Liens on collateral securing their Class 2 Claims, (b) shall receive on the Effective Date, or as soon thereafter as may be practicable, the Liquidation Proceeds of the collateral securing the Class 2 Claims, and (c) retain all payments or other distributions made by the Debtor to the Senior Noteholder prior to the Effective Date.  Any balance of the Class 2 Claim, to the extent not secured by the collateral securing the Class 2 Claim or not satisfied from the Liquidation Proceeds of such collateral, shall be treated as a Class 4 Claim.

(ii)    ***The Class 3 Secured Claims of the Junior Noteholder***.  The Class 3 Claims of

the Junior Noteholder are Impaired under the Plan.  Under this Plan, the Holder of the Allowed

Class 3 Claims shall (a) retain past the Effective Date their pre-Petition Date Liens on collateral

securing their Class 3 Claims, and (b) shall receive on the Effective Date, or as soon thereafter as

may be practicable, the Liquidation Proceeds of the collateral securing the Class 3 Claims that

remain after the payment of all senior Allowed Secured Claims, including the Allowed Class 2

Claims.  Any balance of the Class 3 Claim, to the extent not secured by the collateral securing

the Class 3 Claim or not satisfied from the Liquidation Proceeds of such collateral, shall be

treated as a Class 4 Claim.

(iii)    ***Class 4 General Unsecured Claims***.  Class 4 Claims are Impaired under the Plan.

Under this Plan, each Holder of an Allowed Claim that is a General Unsecured Claim shall

receive on the Effective Date, or as soon thereafter as may be practicable, an amount equal to

such Holder's *pro rata* share of the Liquidation Proceeds remaining after payment in full of all

Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Non-Tax Priority

Claims, and Allowed Secured Claims.

(iv)    ***Class 5 Other Secured Claims***.  Class 5 Claims are Impaired under the Plan.

Under this Plan, the Holder of an Allowed Other Secured Claim shall, at the election of the

Liquidating Trustee, (a) have the collateral securing its Secured Claim abandoned to it, (b) be

entitled, upon the Effective Date, to exercise any and all rights related to (i) foreclosure and

realization upon its collateral, or (ii) setoff under Bankruptcy Code § 553, as the case may be, or

(c) be paid the amount of its Allowed Other Secured Claim in full, in Cash, on or as soon as

practicable after the later of (i) the Effective Date, (ii) the date any such Claim becomes an

Allowed Claim, or (iii) the date on which sufficient Net proceeds are generated from the Disposition of the collateral securing such Claim.

    **3.4**    **Impaired Class of Interests**.

    *Class 6 Interests*. Class 6 Interests are Impaired under the Plan. Holders of Interests shall neither receive nor retain any property under this Plan on account of such Interests.

    **3.5**    **Retention of Defenses and Rights of Setoff Regarding Claims**. Except as otherwise provided in the Plan, nothing shall prejudice the Debtor's, the Liquidating Trustee's and the Disbursing Agent's rights and defenses, both legal and equitable, with respect to any Claims, including, but not limited to, all rights of setoffs or recoupment with respect to such Claims.

## ARTICLE IV

## ACCEPTANCE OR REJECTION OF THE PLAN

    **4.1**    **Impaired Classes of Claims Entitled to Vote.** Subject to Section 4.5 of the Plan, the Holders of the Class 2 Secured Claims of the Senior Noteholder, Class 3 Secured Claims of the Junior Noteholder, Class 4 General Unsecured Claims, and Class 5 Other Secured Claims are entitled to vote to accept or reject this Plan.

    **4.2**    **Acceptance by Impaired Classes**. In accordance with section 1126(c) of the Bankruptcy Code and except as provided under sections 1126(e) & (g) of the Bankruptcy Code, an Impaired Class of Claims shall have accepted the Plan if the Plan is accepted by the Holders of at least two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of the Allowed Claims of such Class that have timely and properly voted to accept or reject the Plan.

    **4.3**    **Acceptance by Unimpaired Classes and Unclassified Claims.** Pursuant to section 1126(f) of the Bankruptcy Code, each Unimpaired Class of Claims is presumed to have

accepted the Plan and, therefore, votes to accept or reject this Plan will not be solicited from such Classes.  Holders of Allowed Priority Tax Claims and Allowed Non-Tax Priority Claims will be paid in full on the Effective Date.  To the extent that a Holder of a Priority Tax Claim or a Non-Tax Priority Claim does not file a timely and proper objection to the Plan in accordance with the requirements set forth herein, such Holder may be deemed to have accepted the treatment as set forth in Article III of the Plan.

4.4    **Deemed Rejection by Certain Impaired Classes.**  Pursuant to section 1126(g) of the Bankruptcy Code, because Class 6 Interests will receive no distribution on account of such Claims and Interests, such Class is presumed to have rejected the Plan.  Therefore, votes to accept or reject this Plan will not be solicited from such Class.

4.5    **Cramdown**.  If any Impaired Class of Claims or Interests entitled to vote shall not accept the Plan by the requisite majorities provided in section 1126(c) or 1126(d) of the Bankruptcy Code, as applicable, the Debtor reserves the right to (i) amend the Plan, or (ii) to undertake to have the Bankruptcy Court confirm the Plan under section 1129(b) of the Bankruptcy Code, or (iii) both amend this Plan and seek Confirmation of any amended plan pursuant to section 1129(b) of the Bankruptcy Code.

## ARTICLE V

## IMPLEMENTATION OF THE PLAN

5.1    **Conditions to Effective Date.**  Unless waived by the Debtor, the following are conditions precedent to the occurrence of the Effective Date: (a) the Confirmation Order, in a form reasonably satisfactory to the Debtor, that approves all of the terms and conditions of the Plan and all distributions to be made pursuant thereto, shall have been entered by the Bankruptcy Court and shall be a Final Order, and no request for revocation of the Confirmation Order under

section 1144 of the Bankruptcy Code shall have been made, or, if made, shall remain pending; (b) no stay shall be in effect with respect to the Confirmation Order; and (c) all documents, agreements and instruments required for the consummation of this Plan shall have been executed, shall not be subject to dispute, and shall be valid and legally binding obligations of the parties thereto.  Until the foregoing conditions are satisfied or waived in accordance with the preceding sentence, the Estate shall remain vested in the Debtor as debtor in possession.

    5.2    **Funding**.  In accordance with sections 1123(a)(5)(D) and 1123(b)(4) of the Bankruptcy Code, all property of the Estate shall be sold, otherwise liquidated, distributed, or abandoned.  As of the Effective Date, the Liquidation Proceeds, the Property and all other property of the Estate shall be transferred, conveyed and assigned to the Liquidating Trust.

    5.3    **Liquidating Trust.**  On or before the Effective Date, the Debtor shall establish a liquidating trust in accordance with the Liquidating Trust Agreement.  On the Effective Date, the Debtor shall be deemed to have transferred the Liquidation Proceeds, the Property and all other property of the Estate to the Liquidating Trust pursuant to the terms of the Liquidating Trust Agreement.  A Liquidating Trustee acceptable to the Debtor shall be appointed pursuant to the Liquidating Trust Agreement and shall be responsible for liquidating and administering the Trust Assets and for all distributions pursuant to the Plan.  On the Effective Date, the Liquidating Trustee shall become the appointed representative of the Estate in accordance with section 1123(b)(3) of the Bankruptcy Code, shall assume all liabilities of the Estate and shall pay such liabilities as provided under this Plan.

    5.4    **Liquidating Trustee.**  The Liquidating Trustee shall have and perform all of the duties, responsibilities, rights and obligations set forth in the Liquidating Trust Agreement.  The Liquidating Trustee may retain counsel and other professionals as the Liquidating Trustee, in his

sole discretion, deems appropriate, without further order of the Bankruptcy Court, to assist the Liquidating Trustee in performing his duties, rights and obligations under this Plan.

**5.5**    **Disbursing Agent.**   The Liquidating Trustee shall also act as the Disbursing Agent for the purpose of implementing the Plan.

**5.6**    **Liquidating Trustee's and Disbursing Agent's Rights, Powers and Duties.** On and after the Effective Date, as set forth in the Liquidating Trust Agreement, the Liquidating Trustee and Disbursing Agent shall have, among others, the following rights and powers (including all of the rights and powers of a trustee appointed under the Bankruptcy Code) with respect to the implementation of this Plan:

(i)     To invest all Cash of the Liquidation Proceeds;

(ii)    To make all required distributions under this Plan;

(iii)   To employ, supervise and compensate Professionals retained to represent the interests of the Liquidating Trustee in connection with this Plan;

(iv)    To make and file tax returns as required by applicable state, federal or local laws;

(v)     To object to Claims or Interests Filed or otherwise asserted against the Debtor, the Estate and property of the Debtor or the Estate;

(vi)    To seek an estimation of contingent or unliquidated Claims under section 502(c) of the Bankruptcy Code;

(vii)   To seek the determination of the Debtor's tax liabilities under section 505 of the Bankruptcy Code;

(viii)  To prosecute all Litigation Claims whether pending as of the Effective Date or commenced thereafter;

(ix)    To sell the Property free and clear of all liens, claims and interests to the fullest

extent provided in section 363 of the Bankruptcy Code;

(x)    To surcharge the Property and its proceeds for costs of preservation and

disposition to the fullest extent provided in section 506(c) of the Bankruptcy Code;

(xi)    To amend or modify this Plan in accordance with section 1127 of the Bankruptcy

Code; and

(xii)    To file and prosecute such motions, applications or other pleadings in the

Bankruptcy Court or other appropriate forum, and exercise all other powers and rights, and take

all other actions necessary or appropriate to implement this Plan.

**5.7    Exculpation and Indemnification of (a) the Debtor's General Partner and
Professionals, and (b) the Liquidating Trust and Liquidating Trustee.**

**(a)    From and after the Effective Date, to the fullest extent permitted by**

**applicable law, (i) the post-Petition Date managers, general partner and employees of the**

**Debtor; (ii) the Debtor's agents, attorneys, accountants, and consultants retained by order**

**of the Bankruptcy Court in the Chapter 11 Cases; and (iii) any Person that may be liable**

**derivatively through any of the foregoing (collectively, the "Releasees") and each of the**

**Releasees' representatives shall not have and shall not incur any liability to any Person**

**from any and all claims, causes of action and other assertions of liability, except for their**

**willful misconduct or gross negligence, arising as of the Effective Date.  No Holder of a**

**Claim or Interest, or any other party in interest, will have or pursue any claim or cause of**

**action against the Releasees or their respective representatives, for any act or omission in**

**connection with, relating to or arising out of the Chapter 11 Case, the pursuit of**

**confirmation of this Plan, the consummation of this Plan, the administration of this Plan or**

**the property to be distributed under this Plan, except for their willful misconduct or gross**

negligence.  To the fullest extent permitted by applicable law, the Liquidating Trust will indemnify, hold harmless, defend and reimburse the Releasees and each of their designated representatives from and against any and all losses, claims, causes of action, damages, fees, expenses, liabilities and actions for any act or omission in connection with, relating to or arising out of the Chapter 11 Case, the pursuit of confirmation of this Plan, the consummation of this Plan, the administration of this Plan or the property to be distributed under this Plan, except for their willful misconduct or gross negligence.  All rights of the Persons exculpated and indemnified pursuant hereto shall survive confirmation of the Plan and the closing of the Chapter 11 Case and, not withstanding Section 5.10 or any other provision of this Plan, any pre- or post-Petition Date agreements to indemnify the post-Petition Date managers and general partner of the Debtor shall be, and hereby are assumed by the Debtor and/or assigned to/by the Liquidating Trust and Liquidating Trustee.

(b)    From and after the Effective Date, to the fullest extent permitted by applicable law, the Liquidating Trustee and each of the Liquidating Trustee's representatives shall not have and shall not incur any liability to any Person from any and all claims, causes of action and other assertions of liability arising out of the discharge of the powers and duties conferred upon the Liquidating Trustee by the Plan, the Liquidating Trust or any court order after the Effective Date pursuant to or in furtherance of the Plan, the Liquidating Trust or applicable law, or otherwise, except for willful misconduct or gross negligence as determined by a Final Order.  No Holder of a Claim or Interest, or any other party in interest, will have or pursue any claim or cause of action against the Liquidating Trustee, the Liquidating Trust or their respective representatives, for making

payments or distributions in accordance with the Plan or for implementing the provisions of this Plan, except for claims of willful misconduct or gross negligence.  Any act or omission taken pursuant to the Plan, the Liquidating Trust or court order, will be conclusively deemed not to constitute gross negligence or willful misconduct.  To the fullest extent permitted by applicable law, the Liquidating Trust will indemnify, hold harmless, defend and reimburse the Liquidating Trustee and each of his designated representatives from and against any and all losses, claims, causes of action, damages, fees, expenses, liabilities and actions for any act or omission taken pursuant to the Plan, the Liquidating Trust or court order, except for willful misconduct or gross negligence as determined by a Final Order.  All rights of the Persons exculpated and indemnified pursuant hereto shall survive confirmation of the Plan and the closing of the Chapter 11 Cases.

     **5.8**   **Post-Confirmation Management.**   From and after the Effective Date, the Liquidating Trustee shall manage the Liquidating Trust and control and perform all post-Confirmation responsibilities, including implementation of the Plan.   From and after the Effective Date, all fees shall be paid to the Liquidating Trustee and any other Professionals retained by the Liquidating Trustee without approval of the Bankruptcy Court.

     **5.9**   **Record Date for Distributions.**   At 5:00 p.m. (central time) on the Record Date, the transfer records for Allowed Claims shall be closed, and there shall be no further changes in the Holders of record of any Allowed Claims.   Neither the Debtor, the Liquidating Trustee nor the Disbursing Agent shall be obligated to recognize the transfer of any Allowed Claims after the Record Date but shall be entitled to recognize, for all purposes hereunder, only those Holders of record as of 5:00 p.m. (central time) on the Record Date.

**5.10    Fractional Dollars; De Minimis Distributions.**    Notwithstanding any other provision of this Plan, (a) the Liquidating Trustee and Disbursing Agent shall not be required to make distribution or payments of fractions of dollars, and whenever any payment of a fraction of dollars under this Plan would otherwise be called for, the actual payment made shall reflect a rounding of such fraction to the nearest whole dollar, with one-half (1/2) dollar being rounded down, and (b) the Liquidating Trustee and Disbursing Agent shall not have any obligation to make any distribution to a specific Holder of an Allowed Claim if the amount to be distributed to that Holder on the relevant Distribution Date is less than $5.

**5.11    Executory Contracts and Tenant Leases.**    Except for all Tenant Leases, all executory contracts and unexpired leases that (i) the Debtor entered into prior to the Petition Date, (ii) are executory as of the Effective Date, and (iii) have not been assumed or rejected pursuant to section 365 of the Bankruptcy Code before the Effective Date, shall be deemed rejected as of the Effective Date.  Any Claim arising from such rejection under this Plan shall be filed within thirty (30) days of the Effective Date or forever be barred from recovery against the Estate.  All Tenant Leases shall be deemed assumed as of the Effective Date.

**5.12    Disputed Claims.**    The Debtor, the Liquidating Trustee and Disbursing Agent reserve all rights to prosecute any and all timely Filed objections to Claims, including Administrative Claims, after the Confirmation Date.  Any such objection shall be litigated to decision or settled after such notice and opportunity for hearing as shall be appropriate in the Bankruptcy Court's discretion.   No disbursement shall be made on account of any Claim, including any Administrative Claims, as to which an objection has been interposed, or as to which a counterclaim or setoff has or may be asserted, unless and until the objection, counterclaim or setoff is resolved by a Final Order.   The Debtor, the Liquidating Trustee or

Disbursing Agent shall reserve sufficient funds to satisfy any Disputed Claim to the extent provided for in this Plan.

**5.13    Effect of Appeals**.  Provided that the Confirmation Order is not stayed pending appeal, the Debtor may consummate the Plan notwithstanding such pending appeal, or the timely service and filing of a motion pursuant to Bankruptcy Rules 7052, 7062, 8002(b), 8002(c), 8003, 8015, 9023 or 9024.

**5.14    Unclaimed Disbursements.**  All distributions made pursuant to this Plan that are not negotiated within ninety (90) days after the relevant Distribution Date and that consequently become unclaimed shall revert to and become property of the Liquidating Trust, free and clear of any and all Claims, Interests, demands and causes of action, but subject to further redistribution in accordance with the Plan.

**5.15    Injunction.  Except for actions as Holders may take to prosecute or defend their respective Claims or Interests in the Bankruptcy Court, entry of a Confirmation Order will operate as an injunction against the commencement or continuation of an action, the employment of process, or any act to collect, recover or offset any Claim or Interest of any Holder until the entry of a final decree or the dismissal of the Chapter 11 Case.**

**5.16    Retention of Claims.**  Pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, the Litigation Claims, and any causes of action arising under chapter 5 of the Bankruptcy Code, shall be retained, prosecuted and enforced by the Liquidating Trustee.

**5.17    Continued Partnership Existence.**  Subject to the provisions of this Plan, the Debtor shall continue to exist after the Effective Date as a separate partnership entity, in accordance with applicable law and pursuant to its partnership agreement as amended and in

effect prior to the Effective Date, provided however, that the purpose of the Debtor shall be limited to taking such actions as are necessary to implement, and are consistent with implementing, this Plan.  On the Effective Date, the Liquidating Trustee shall be deemed to be sole partner of the Debtor.  Any dispute as to the propriety of any action sought to be taken by the Debtor shall be resolved by the Bankruptcy Court.  Subject to the provisions of this Plan, as soon as practicable after the Liquidating Trustee makes the final distribution of Cash under this Plan and the Liquidating Trust Agreement, the Liquidating Trustee shall effectuate the dissolution of the Debtor in accordance with applicable law.  On the Effective Date, the property of the Debtor and the Estate shall vest in the Liquidating Trust.

       **5.18**   **Amendments, Modifications, Revocation and Interpretation of the Plan.** Before the Confirmation Date, the Debtor may alter, amend, modify or withdraw the Plan at any time subject to section 1127 of the Bankruptcy Code.  In the event that inconsistencies exist between the Plan and the Disclosure Statement, the Plan shall govern.

       **5.19**   **Exemption from Certain Transfer Taxes.**  Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of any security or the making or delivery of any instrument of transfer under this Plan, including the transfer of the Liquidation Proceeds, the Property and all other property of the Estate to the Liquidation Trust, may not be taxed under any law imposing a stamp tax or similar tax.  Any sale of any property of the Liquidation Trust, including the Property, occurring on or after the Effective Date shall be deemed to be in furtherance of this Plan.

       **5.20**   **Jurisdiction.**  The entry of a Confirmation Order shall not diminish or impair the Court's subject matter jurisdiction.  Until the entry of a final decree, the Court shall retain subject matter jurisdiction of the Chapter 11 Case, and all proceedings arising therein or related thereto,

including proceedings that aid the consummation of this Plan, to the fullest extent permissible under applicable law.  Without limiting the generality of the foregoing, the Bankruptcy Court shall retain jurisdiction over:

(i)      *Claims*.  To determine the allowance, classification, or priority of Claims against the Debtor;

(ii)     *Actions*.    To  determine  all  applications,  motions,  adversary  proceedings, contested matters, Litigation Claims, and any other litigated matters instituted in the Chapter 11 Case or on behalf of the Debtor;

(iii)    *Professional Fees*.  To determine any and all applications by Professionals for compensation and reimbursement of expenses before the Effective Date, as provided for in the Plan;

(iv)     *Injunctions*.  To issue injunctions or take such other actions or make such other orders as may be necessary or appropriate to restrain interference with the Plan or its execution or implementation by any Person, to construe and to take any other action to enforce and execute the Plan, the Confirmation Order, or any other order of the Bankruptcy Court, to issue such orders as may be necessary for the implementation, execution, performance and consummation of the Plan and all matters referred to herein, and to determine all matters that may be pending before the Court in the Chapter 11 Cases on or before the Effective Date;

(v)      *Priority Claims and Administrative Claims*.  To determine the allowance and classification of any Priority Tax Claim, Non-Tax Priority Claims, Administrative Claims, or any request for payment of an Administrative Claim;

(vi)     *Secured Claims.*  To determine the validity, priority or extent of any Secured Claims.

(vii)    ***Dispute Resolution***.   To resolve any dispute arising under or related to the implementation, execution, consummation or interpretation of the Plan and the making of distributions thereunder, including, without limitation, any dispute concerning payment of Professional fees and expenses of the Liquidating Trustee;

(viii)    ***General Matters***.   To determine such other matters, and for such other purposes, as may be provided in the Confirmation Order or may be authorized under provisions of the Bankruptcy Code;

(ix)    ***Plan Modification.***   To modify the Plan under section 1127 of the Bankruptcy Code, remedy any defect, cure any omission, or reconcile any inconsistency in the Plan or the Confirmation Order so as to carry out its intent and purpose;

(x)    ***Aid Consummation***.   To issue such orders in aid or consummation of the Plan and the Confirmation Order notwithstanding any otherwise applicable non-bankruptcy law, with respect to any entity, to the full extent authorized by the Bankruptcy Code;

(xi)    ***Implementation of Confirmation Order.***   To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated;

(xii)    ***Enforcement of Orders***.   To enforce all orders, judgments, injunctions, releases, exculpations, indemnifications and rulings entered in connection with the Chapter 11 Case;

(xiii)    ***Taxes***.   To hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code;

(xiv)    ***Post-Effective Date Professionals***.   To hear and determine disputes with respect to the Liquidating Trustee's Professionals; and

(xv)    ***Final Decree***.   To enter a Final Decree closing the Chapter 11 Case.

Respectfully submitted,

401 PROPERTIES LIMITED PARTNERSHIP

Dated:  March 18, 2015                    By:   /s/ Peter J. Roberts
                                                 One of its attorneys

Peter J. Roberts (#6239025)
John W. Guzzardo (#6283016)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois  60654
P:  (312) 541-0151
F:  (312) 980-3888
E:  proberts@shawfishman.com
     jguzzardo@shawfishman.com