**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 14-44983 |
| 401 PROPERTIES LIMITED PARTNERSHIP, | ) | Hon. Jacqueline P. Cox |
| | ) | Hearing Date:  September 20, 2016 |
| Debtor. | ) | Hearing Time:  9:30 a.m. |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**

| | |
|---|---|
| Name of Applicant: | Shaw Fishman Glantz & Towbin, LLC |
| Authorized to Provide Professional Services to: | 401 Properties Limited Partnership |
| Date of Order Authorizing Employment: | January 21, 2015 |
| Period for Which Compensation is Sought: | December 18, 2015 through and including May 5, 2016 |
| Amount of Fees Sought: | $272,940.00 |
| Amount of Expense Reimbursement Sought: | $5,199.32 |
| This is a(n): ☐ Interim Application | ☒ Final Application |

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| n/a | | | | |

Applicant:
Shaw Fishman Glantz & Towbin, LLC

Date:  August 30, 2016        By:  /s/ Peter J. Roberts
                                          One of its members

{11132-001 APPL A0447564.DOC}

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 14-44983 |
| 401 PROPERTIES LIMITED PARTNERSHIP, | ) | Hon. Jacqueline P. Cox |
| | ) | Hearing Date:   September 20, 2016 |
| Debtor. | ) | Hearing Time:   9:30 a.m. |

## NOTICE OF MOTION

TO:    Attached Service List

**PLEASE TAKE NOTICE** that on **September 20, 2016 at 9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Jacqueline P. Cox**, in Courtroom 680 of the United States Bankruptcy Court for the Northern District of Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **First and Final Fee Application of Shaw Fishman Glantz & Towbin LLC as Debtor's Bankruptcy Counsel for Allowance of Compensation and Reimbursement of Expenses,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleadings.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

> Peter J. Roberts (#6239025)
> John W. Guzzardo (#6283016)
> Shaw Fishman Glantz & Towbin LLC
> 321 North Clark Street, Suite 800
> Chicago, Illinois 60654
> P: (312) 541-0151
> F: (312) 980-3888
> E: proberts@shawfishman.com
>     jguzzardo@shawfishman.com

## CERTIFICATE OF SERVICE

Peter J. Roberts, an attorney, certifies that he caused to be served a true copy of the above and foregoing notice and attached pleading upon the Electronic Mail Notice List through the ECF System which sent notification of such filing via electronic means on August 30, 2016.

> /s/ Peter J. Roberts

**Mailing Information for Case 14-44983**

**Electronic Mail Notice List**

- Stacey M Atkins     satkins@metrarr.com
- Lawrence M. Benjamin     lbenjamin@ngelaw.com, rwills@ngelaw.com
- Louis D Bernstein     lbernstein@law-ldb.com
- Richard M. Fogel     rfogel@shawfishman.com
- Christopher S Griesmeyer     cgriesmeyer@grglegal.com, abernath@grglegal.com
- John W Guzzardo     jguzzardo@shawfishman.com, orafalovsky@shawfishman.com
- Gregory J Jordan     gjordan@jz-llc.com
- Patrick S Layng     USTPRegion11.ES.ECF@usdoj.gov
- Caren A Lederer     calederer@golanchristie.com, mperez@golanchristie.com,stasciotti@golanchristie.com,tstephenson@golanchristie.com
- Silvia Masters     smercado@rockfuscoconnelly.com
- Michael C. Moody     mmoody@orourkeandmoody.com, firm@orourkeandmoody.com,morourke@orourkeandmoody.com
- Karen J Porter     porterlawnetwork@gmail.com, portersam100@comcast.net
- Peter J Roberts     proberts@shawfishman.com
- Adam B. Rome     arome@grglegal.com, abernath@grglegal.com
- Kevin G Schneider     kschneider@ngelaw.com, ecfdocket@ngelaw.com;mmirkovic@ngelaw.com
- Troy M Sphar     tsphar@smbtrials.com
- Charles S. Stahl, Jr.     cstahl@smbtrials.com, pcanington@smbtrials.com
- Thomas C. Wolford     twolford@ngelaw.com, ecfdocket@ngelaw.com
- Barbara L Yong     blyong@golanchristie.com, mperez@golanchristie.com;myproductionss@gmail.com;tstephenson@golanchristie.com
- Mark R Zito     mzito@jz-llc.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | Case No. 14-44983 |
| 401 PROPERTIES LIMITED PARTNERSHIP, ) | Hon. Jacqueline P. Cox |
| ) | Hearing Date: September 20, 2016 |
| Debtor. ) | Hearing Time: 9:30 a.m. |

**FIRST AND FINAL FEE APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC AS DEBTOR'S BANKRUPTCY COUNSEL FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman") applies to this Court pursuant to 11 U.S.C. §§ 330 and 331, Federal Rules of Bankruptcy Procedure 2002(a)(6), 2016(a) and Local Bankruptcy Rule 5082-1 for: the total allowance and approval, on a final basis, of (a) $272,940.00 in compensation for 611.10 hours of professional services rendered by Shaw Fishman as general bankruptcy counsel to 401 Properties Limited Partnership (the "Debtor"), for the period beginning December 18, 2014 through and including May 5, 2016 (the "Application Period"); and (b) the reimbursement of $5,199.32 for actual costs incurred incident to those services. In support of this application (the "Application"), Shaw Fishman states as follows:

**JURISDICTION, BACKGROUND AND SIGNIFICANT EVENTS**

1. This Court has jurisdiction over this Application under 11 U.S.C. § 330, 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Notwithstanding the recent dismissal of the Debtor's bankruptcy case on or about August 4, 2016 ("Dismissal Date"), this Court retained jurisdiction to grant the relief requested in this Application. *See In re Sweports, Ltd.*, 777 F.3d 364, 367-68 (7th Cir. 2015) (bankruptcy court has "clean-up" or "ancillary" jurisdiction to hear and determine professional fee requests following dismissal of bankruptcy case).

{11132-001 APPL A0447564.DOC}

2. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1408 and 1409. This Application is a core proceeding within the meaning of 28 U.S.C. §§ 157(b) (2) (A), (M) and (O).

3. On December 18, 2014 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, initiating the above-captioned case ("Case"). From the Petition Date through the Dismissal Date, the Debtor remained in possession of its assets and continued to operate its business as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

4. The Debtor is an Illinois limited partnership that owns and operates the property known as 401 S. LaSalle St., Chicago, Illinois (the "Property"). The Property, which constitutes single asset real estate within the meaning of that term as defined in 11 U.S.C. § 101(51B), is a 17-story multi-tenant commercial/office building located at the southeast corner of LaSalle Street and Van Buren Street in the southern portion of the Chicago Loop.

5. Prior to the Petition Date, the Debtor paid Shaw Fishman an advance payment retainer deposit in the amount of $25,000.00 for Shaw Fishman's services incurred in preparing the initial filings for the Case ("Advance Retainer"). Between the time of the Debtor's payment of the Advance Retainer and the Petition Date, Shaw Fishman performed $4,689.00 worth of legal services for the Debtor and applied that amount from the Advance Retainer prior to the commencement of the Case. Consequently, the amount of the Advance Retainer as of the Petition Date totaled $20,311.00.

6. Shaw Fishman's retention as general bankruptcy counsel for the Debtor in the Case, effective as of the Petition Date, was approved January 21, 2015. (Docket No. 52.)

7. On February 4, 2015, this Court entered the Order Authorizing Payment of Additional Retainer to Shaw Fishman as Bankruptcy Counsel ("Retainer Order"), with

compensation to Shaw Fishman remaining subject to further Court approval. (Docket Nos. 39 and 59.) In accordance with the Retainer Order and a series of cash collateral orders entered in the Case, the Debtor paid an aggregate amount of $80,000 ("Postpetition Retainer") in postpetition retainer payments to Shaw Fishman since the Petition Date.

## SERVICES RENDERED BY SHAW FISHMAN

8. During the Application Period, Shaw Fishman assisted the Debtor with, among other things: (a) automatic stay enforcement; (b) general case administration; (c) cash collateral and debtor-in-possession financing; (d) creditor and claim issues; (e) fee applications; (f) motions to lift the stay; (g) submission of a proposed chapter 11 plan; (h) coordination with special counsel in a pending municipal building code violation case; (i) the retention of Shaw Fishman as general bankruptcy counsel, Ms. Elizabeth D. Sharp ("Sharp") as special counsel, and Mr. Mitchell Kahn ("Kahn") and Frontline Real Estate Partners, LLC ("Frontline") to assist with the sale of the Property; (j) formulating procedures for the sale of the Property and communicating with creditors and potential bidders thereon; (k) litigating an adversary proceeding relating to the second mortgage on the Property; (l) preparing required statements and schedules in the Case; and resolving issues related to (m) real estate tax payments and (n) unexpired leases.

9. Shaw Fishman's statements of services rendered and expenses incurred (the "Invoices") for the Application Period are attached hereto as Exhibit A and incorporated herein by reference.

10. In aggregate, Shaw Fishman's attorneys and paralegals rendered 611.10 hours of services for the Debtor in connection with this Case during the Application Period. All of the services reflected on the attached Invoices pertain to this Case and were rendered at the request of the Debtor. At the customary hourly rates charged by Shaw Fishman's attorneys and

{11132-001 APPL A0447564.DOC}  3

paralegals, the aggregate amount due Shaw Fishman for the services rendered to the Debtor during the Application Period is $272,940.00, for an average hourly rate of approximately $446.64.

11. In evaluating this Application, this Court should consider the value of the services rendered by Shaw Fishman for the Debtor, the nature and complexity of the issues presented, the skill required to perform the legal services properly, the customary fees charged by other professionals in similar cases, the experience and ability of the attorneys involved and the compensation amounts awarded in similar cases. These factors, whether viewed individually or collectively, support an award of the requested compensation in full. All of the services for which compensation is requested were services that, in Shaw Fishman's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

12. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Fishman's services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Fishman has classified its services into fourteen (14) separate categories of services as follows:

| Description | Total Hours | Total Fees Incurred |
|---|---|---|
| Automatic Stay | 1.5 | $729.50 |
| Case Administration | 68.9 | $32,308.00 |
| Cash Collateral / DIP | 218.9 | $97,909.50 |
| Creditors and Claims | 27.1 | $12,800.50 |
| Fee Applications | 18.7 | $7,672.50 |
| Motions to Lift Stay | 15.2 | $7,524.00 |
| Plan of Reorganization | 14.6 | $7,190.00 |
| Pre-Petition Litigation | 2.8 | $1,226.00 |
| Retention of Professionals | 22.6 | $9,549.00 |
| Sale of Assets | 109.2 | $52,829.00 |
| Adversary Proceeding | 35.6 | $16,844.00 |
| Statements and Schedules | 65.8 | $21,410.00 |

{11132-001 APPL A0447564.DOC} 4

| Description | Total Hours | Total Fees Incurred |
|---|---|---|
| Tax Issues | 8.6 | $4,171.00 |
| Unexpired Leases | 1.6 | $777.00 |
| **TOTAL** | **611.10** | **$272,940.00** |

13. The following is a separate description of each of Shaw Fishman's principal categories of activities, which generally describe the tasks performed. The Invoices provide detailed descriptions of all services rendered in each of the following categories and the timekeeper, date, and amount of time expended in each category. Summary charts for each category setting forth each professional who rendered services, total time and value of services, and the total dollar value are also provided herein as follows:

**A.    Automatic Stay**

14. Shaw Fishman expended 1.5 hours of professional services having a value of $729.50 addressing potential violations of the automatic stay by a state court receiver and reviewing a motion for stay relief filed in the Case (*see* Docket No. 124).

15. The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Peter J. Roberts | 1.5 | $729.50 |

**B.    Case Administration**

16. Shaw Fishman expended 68.9 hours of professional services having a value of $27,619.00 pertaining to, among other things: (a) initial meetings and preparations prior to filing the petition and initiating the Case; (b) reviewing and researching amendments to the petition and schedules and statements; (c) coordinating Rule 341 meeting notices and interviews with the

{11132-001 APPL A0447564.DOC}    5

office of the U.S. Trustee; (d) reviewing monthly operating reports; and (e) reviewing and addressing the Notice of Change of General Partner filed in the Case. (*See* Docket No. 160.)

17. The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
| --- | --- | --- |
| Robert M. Fishman | 1.9 | $1,377.50 |
| Peter J. Roberts | 57.9 | $28,430.50 |
| Richard M. Fogel | .2 | $93.00 |
| John Guzzardo | 3.6 | $1,400.00 |
| Patricia M. Fredericks | 5.5 | $1,100.00 |
| Abigail C. Mast | .4 | $80.00 |

C.    **Cash Collateral / DIP Financing**

18. Shaw Fishman expended 218.9 hours of professional services having a value of $97,909.50 pertaining to, among other things: (a) reviewing loan documents and drafting a motion to use cash collateral in the Case; (b) reviewing and drafting extensions of the motion to use cash collateral; (c) negotiating and discussing cash collateral and adequate protection issues with creditors and the Office of the U.S. Trustee; (d) reviewing and researching objections to the Debtor's motion to use cash collateral; (e) drafting discovery requests and declarations, collecting and producing documents, and preparing for the hearing on the Debtor's contested motion to use cash collateral; (f) preparing monthly operating reports and budgets; (g) researching and drafting the Debtor's motion, pursuant to 11 U.S.C. § 364, for unsecured credit (*see* Docket No. 129); (h) investigating and reviewing creditor requests for budget information and drafting responses to those requests; (i) reconciling treatment of real estate tax

payments in the operating budget; and (j) reviewing and addressing a creditor's motion to enforce cash collateral order and rule to show cause (*see* Docket No. 158).

19.　The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
| --- | --- | --- |
| Peter J. Roberts | 151.2 | $73,583.00 |
| Mark L. Radtke | .6 | $270.00 |
| John Guzzardo | 60.3 | $22,696.50 |
| Abigail C. Mast | 6.8 | $1,360.00 |

**D.　Creditors and Claims**

20.　Shaw Fishman expended 27.1 hours of professional services having a value of $12,800.50 pertaining to, among other things: (a) researching and reviewing corporate governance documents to determine claim priority; (b) reviewing and researching the IRS proof of claim; (c) communicating with vendors and tenants regarding their claims; and (d) reviewing and analyzing scheduled creditors, claims and liens and the allocation and priority of those claims.

21.　The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
| --- | --- | --- |
| Peter J. Roberts | 25.1 | $12,182.50 |
| John Guzzardo | 1.2 | $450.00 |
| Patricia M. Fredericks | .8 | $168.00 |

{11132-001 APPL A0447564.DOC}　　　　7

E. **Fee Applications**

22. Shaw Fishman expended 18.70 hours of professional services having a value of $7,672.50 pertaining to the preparation of professional fee applications in the Case.

23. The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Peter J. Roberts | 2.9 | $1,435.50 |
| John Guzzardo | 15.8 | $6,237.00 |

F. **Motion To Lift Stay**

24. Shaw Fishman expended 15.2 hours of professional services having a value of $7,524.00 reviewing, responding to, and attending hearings on Rock Solid's motion to lift the automatic stay or dismiss the case.

25. The chart below is a summary of the total amount of time entered by each timekeeper in this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Peter J. Roberts | 15.2 | $7,524.00 |

G. **Plan of Reorganization**

26. Shaw Fishman expended 14.6 hours of professional services having a value of $7,190.00 pertaining to (i) researching, drafting and filing a chapter 11 plan of liquidation for the Debtor, and (ii) reviewing alternative plans and related materials filed by one of the Debtor's partners. (*See* Docket No. 66.)

27. The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Robert M. Fishman | .5 | $362.50 |
| Peter J. Roberts | 13.8 | $5,626.00 |
| John Guzzardo | .3 | $112.50 |

H.   **Pre-Petition Litigation**

28. Shaw Fishman expended 2.8 hours of professional services having a value of $1,226.00 pertaining to, among other things, coordinating with Sharp in the municipal building code violation proceeding.

29. The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Peter J. Roberts | 1.6 | $776.00 |
| John Guzzardo | 1.2 | $450.00 |

I.   **Retention of Professionals**

30. Shaw Fishman expended 22.6 hours of professional services having a value of $9,549.00 pertaining to the employment of (a) Shaw Fishman as general bankruptcy counsel; (b) Sharp as special counsel in connection with municipal building code violation proceedings; and (c) Kahn and Frontline to assist with the Property sale.

31. The chart below is a summary of the total amount of time entered by each timekeeper in this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Peter J. Roberts | 9.7 | $4,705.50 |
| John Guzzardo | 12.9 | $4,843.50 |

**J.    Sale of Assets**

32.    Shaw Fishman expended 109.2 hours of professional services having a value of $52,829.00 pertaining to the Debtor's efforts to market and sell the Property, including, among other things: (a) negotiating and discussing the Motion to Sell Property Free and Clear of Liens (*see* Docket No. 106) (the "Sale Motion") with creditors, the Office of the U.S. Trustee and counsel to Bridgeview Bank, the former holder of the Debtor's first mortgage on the Property; (b) researching, drafting and attending various hearings on the Sale Motion; (c) negotiating and drafting the Frontline retention agreement; (d) reviewing objections to the Sale Motion and negotiating modifications to the proposed order; (e) drafting a proposed asset purchase agreement and non-disclosure agreements; (f) coordinating with Frontline to establish a dataroom for Property sale due diligence; and (g) communicating and coordinating with potential bidders.

33.    The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Peter J. Roberts | 106.0 | $51,413.00 |
| Richard M. Fogel | .5 | $232.50 |
| David S. Horwitch | 1.8 | $846.00 |
| John Guzzardo | .9 | $337.50 |

K.    **Rock Solid Adversary Proceeding**

34.    Shaw Fishman expended 35.60 hours of professional services having a value of $16,844.00 pertaining to an adversary proceeding commenced by Rock Solid Gelt Limited Partnership and Legacy RE, Ltd., including, among other things: (a) legal research regarding adversary complaint allegations; (b) drafting answers, counterclaims and crossclaims to the adversary complaint; (c) drafting discovery requests and responses; (d) reviewing and producing documents; and (e) reviewing, researching and drafting a successful response to the plaintiff's motion to dismiss the Debtor's counterclaims.

35.    The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Peter J. Roberts | 31.1 | $15,156.50 |
| John Guzzardo | 4.5 | $1,687.50 |

L.    **Statements and Schedules**

36.    Shaw Fishman expended 65.8 hours of professional services having a value of $21,410.00 pertaining to, among other things: (a) drafting the motion to extend the Debtor's deadline to file schedules and statements; (b) UCC and tract searches; (c) collecting, compiling and reviewing documents; (d) drafting and editing the schedules and statements; (e) drafting and editing amendments to the schedules and statements.

37.    The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Peter J. Roberts | 8.5 | $4,122.50 |
| John Guzzardo | 33.3 | $12,487.50 |
| Patricia M. Fredericks | 24.0 | $4,800.00 |

**M.    Tax Issues**

38.    Shaw Fishman expended 8.6 hours of professional services having a value of $4,171.00 pertaining to the motion to authorize real estate tax payments from Bridgeview Bank Group's escrow account and related real estate tax issues. (*See* Docket No. 94.)

39.    The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Peter J. Roberts | 8.6 | $4,171.00 |

**N.    Unexpired Leases**

40.    Shaw Fishman expended 1.6 hours of professional services having a value of $777.00 pertaining to tenant issues and associated matters.

41.    The chart below is a summary of the total amount of time entered by each timekeeper for this category during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Peter J. Roberts | 1.6 | $777.00 |

**Summary of Services Rendered By Professional**

42.    In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| Professional | Position | Hourly Rate | Billed Hours | Amount |
|---|---|---|---|---|
| Robert M. Fishman | Member | $725.00 | 2.4 | $1,740.00 |
| Peter J. Roberts | Member | $495.00 | 89.2 | $44,154.00 |
| Peter J. Roberts | Member | $485.00 | 345.5 | $167,567.50 |
| David S. Horwitch | Member | $470.00 | 1.8 | $846.00 |
| Mark L. Radtke | Member | $450.00 | .6 | $270.00 |
| Richard M. Fogel | Of-Counsel | $465.00 | .5 | $232.50 |
| John W. Guzzardo | Of-Counsel | $395.00 | 22.6 | $8,927.00 |
| John W. Guzzardo | Associate | $375.00 | 111.4 | $41,775.00 |
| Patricia M. Fredericks | Paralegal | $210.00 | .8 | $168.00 |
| Patricia M. Fredericks | Paralegal | $200.00 | 29.5 | $5,900.00 |
| Abigail C. Mast | Paralegal | $200.00 | 6.8 | $1,360.00 |

43.     In evaluating this Application, this Court should consider the following: (a) the value of the services rendered by Shaw Fishman; (b) the nature and complexity of the issues presented; (c) the skill required to perform the legal services properly; (d) the customary fees charged by other professionals in this case and in similar cases; (e) the experience and ability of the professionals involved; and (f) the amount of compensation awarded in similar cases.  When viewed either individually or collectively, these factors support an award of the requested compensation in full.

44.     The hourly rates charged by Shaw Fishman with respect to its legal services compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Fishman professionals.  Further, the amount of time spent by Shaw Fishman with respect to the Case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, and the ultimate benefit to the Estate.

45. Shaw Fishman conscientiously attempted to avoid having multiple attorneys appear. In certain circumstances, however, it was necessary for more than one Shaw Fishman attorney to confer or appear at the same time. When possible, Shaw Fishman would have one attorney handle multiple matters. To the greatest extent possible, meetings, court appearances, negotiations, and other matters were handled on an individual basis.

46. The issues presented in the Case were legally and factually complex. Given the criteria set forth in 11 U.S.C. § 330, namely: (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman respectfully submits that the requested compensation represents a fair and reasonable amount that should be allowed in full and on a final basis.

## **EXPENSES**

47. The aggregate amount of expenses for which reimbursement is being sought is $5,199.32. All of the expenses for which reimbursement is requested are expenses which Shaw Fishman customarily recoups from all of its clients. An itemization of the expenses is attached hereto as part of Exhibit A. The types of costs for which reimbursement is sought are listed below:

| | |
|---|---|
| Internal Photocopy | 10¢ per page |
| Commercial/Court Photocopy | actual cost |
| Commercial Messenger | actual cost |
| Conference Calls | actual cost |
| Local Telephone | no charge |
| Outgoing Facsimiles | no charge |
| Incoming Facsimiles | no charge |
| On Line Legal or Factual Research (Pacer) | actual or prorated percentage cost |
| Postage | actual cost |

{11132-001 APPL A0447564.DOC}                    14

| | |
|---|---|
| Overnight Delivery (*e.g.*, Federal Express) | actual cost |
| Filing/Recording Fees | actual cost |
| Deposition Costs | actual cost |
| Local and Long Distance Travel | actual cost |

48. The specific expenses for which reimbursement is requested during the Application Period are as follows:

| | |
|---|---|
| Internal and Vendor Photocopy | $780.20 |
| Filing Fees | $1,923.00 |
| Miscellaneous (TransPerfect Doc. Mgmt) | $125.00 |
| PACER | $415.00 |
| Postage | $328.59 |
| Overnight Delivery (*e.g.*, Federal Express) | $748.14 |
| Same Day Delivery (*e.g.*, Messenger) | $106.74 |
| Parking and Taxi | $89.00 |
| Lien Searches (Chicago Title Ins. Co. and Advanced Corp. Agent Svs.) | $646.50 |
| Working Meals | $17.22 |
| Westlaw | $19.93 |
| Total: | **$5,199.32** |

49. All expenses incurred by Shaw Fishman incidental to its services were customary and necessary expenses. All expenses were billed in the same manner as Shaw Fishman bills non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other judicial districts.

## COMPLIANCE WITH 11 U.S.C. § 504

50. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Fishman and any other firm, person or entity for the sharing of division of any compensation payable to Shaw Fishman.

## CONCLUSION

WHEREFORE, Shaw Fishman Glantz and Towbin, LLC requests the entry of an order, substantially in the form attached hereto, that:

{11132-001 APPL A0447564.DOC}         15

    a.    Allows Shaw Fishman $272,940.00 in compensation, on a final basis, for services provided during the Application Period;

    b.    Allows Shaw Fishman $5,199.32 in expense reimbursement, on a final basis, for expenses incurred during the Application Period;

    c.    Authorizes Shaw Fishman to apply the Advance Retainer and the Postpetition Retainers (totaling $100,311.00) towards its allowed compensation and expense reimbursement;

    d.    Orders the Debtor to pay Shaw Fishman the remaining allowed compensation and expense reimbursements, in the total amount of $177,828.32; and

    e.    Provides Shaw Fishman with such additional relief as may be appropriate and just under the circumstances.

    Respectfully submitted,

    Shaw Fishman Glantz & Towbin LLC

Dated: August 30, 2016    By:  /s/ Peter J. Roberts
    One of its members

Peter J. Roberts (#6239025)
John W. Guzzardo (#6283016)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
P: (312) 541-0151
F: (312) 980-3888
E: proberts@shawfishman.com
   jguzzardo@shawfishman.com

{11132-001 APPL A0447564.DOC}    16