IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 Proceeding |
| | ) | |
| 401 PROPERTIES LIMITED PARTNERSHIP, | ) ) | Case No. 14-44983 |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | |

**OBJECTION TO THE FIRST AND FINAL FEE APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC AS DEBTOR'S BANKRUPTCY COUNSEL FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

401 Properties, Inc., by and through its attorneys, hereby objects to Shaw Fishman Glantz & Towbin LLC's ("Shaw Fishman") First and Final Feel Application as Debtor's Bankruptcy Counsel. In support thereof, 401 Properties, Inc. states as follows:

**Background**

1.     Shaw Fishman was Debtor's counsel in this bankruptcy proceeding from the Petition Date, December 18, 2014, through May 5, 2016, when this Court granted Shaw Fishman's Motion to Withdraw as counsel to Debtors. *See* Dkt. #251, #314 at ¶ 3 and 5.

2.     Prior to the Petition Date, Debtor paid $25,000.00 to Shaw Fishman for services incurred in preparing the initial filings for the bankruptcy case. *See* Dkt. # 314 at ¶ 5.

3.     Throughout the bankruptcy proceeding, Debtor paid Shaw Fishman $80,000.00 for legal services rendered during the case. *Id*. at ¶ 7.

4.     Shaw Fishman now seeks over $275,000.00 for compensation and expenses for work in this proceeding even though this Court found that "[t]his bankruptcy case was not filed in good faith." *See* Dkt. #300 at p. 16. Moreover, this Court concluded that Shaw Fishman's filing of the bankruptcy petition represented "an attempt to forum shop the underlying

internecine battle for control of the Debtor, which is not what bankruptcy is designed to accomplish." *Id*.

## Argument

5.      Shaw Fishman's application for compensation should be denied because it has failed to establish entitlement to over $272,000.00 in legal fees for work on a single asset real estate bankruptcy case that was filed in bad faith.

6.      Pursuant to § 330, authorized employed professionals applying for fees must demonstrate that their services were actual, necessary, and reasonable. *In re Spanjer Bros., Inc.*, 191 B.R. 738, 747 (Bankr. N.D. Ill. 1996). The bankruptcy court has a duty to independently examine the reasonableness of the fees requested. *Id*. Compensable services are ones that are rendered for the estate's benefit. *Id.* at 748. One factor to consider when determining whether services are compensable is whether the services promoted the bankruptcy process or administration of the estate for the orderly and prompt disposition of bankruptcy cases. *Id*. The court may not award compensation for services that were not reasonably likely to benefit the estate or the debtor, or were not necessary to the administration of the case. 11 U.S.C. § 330(a)(4)(A)(ii) & (B).

7.      Courts do not require that counsel be successful in order to be compensated under § 330. *In re Miller Auto. Group, Inc.*, 521 B.R. 323, 327 (Bankr. W.D. MO. 2014). Rather, so long as there was a reasonable chance of success which outweighed the cost of pursuing the action, the fees relating thereto are compensable. *Id*.; *see also In re Kohl*, 95 F.3d 713, 714 (8th Cir. 1996) (fees may be denied when counsel should have realized that reorganization was not feasible); *In re Crown Oil, Inc.*, 257 B.R. 531, 542 (Bankr. D. Mont. 2000) (counsel worsened creditors' position by attempting to reorganize debtor when reorganization not feasible).

8. This Court ruled in this proceeding that the bankruptcy case that Shaw Fishman filed "was not filed in good faith." *See* Dkt. # 300 p. 16. If, at its inception, the bankruptcy case was not a good faith filing, the work Shaw Fishman performed after the filing cannot reasonably be said to benefit the estate or the debtor. Since the bankruptcy case was a bad faith filing, there was no reasonable chance of successfully reorganizing. *See In re Miller Auto. Group*, 521 B.R. at 329 (denying compensation where counsel should have known from the outset that the case had little or no hope of a Chapter 11 reorganization.).

9. Moreover, this Court found that the bankruptcy case was simply an attempt at forum shopping in the "battle for control of the Debtor, which is not what bankruptcy is designed to accomplish." *See* Dkt. 300 p. 16. Shaw Fishman's attempt to forum show should not be rewarded with a fee award of over $272,000.00. While Shaw Fishman labels its work as services related to the estate and reorganization, *see* dkt. #314 at ¶ 12, since the underlying purpose of the case, as this Court found, was to forum shop, Shaw Fishman should not be compensated for work done to undermine the purpose of bankruptcy. *In re Spanjer Bros.*, 191 B.R. at 748.

Wherefore, 401 Properties, Inc. requests that this Court deny Shaw Fishman's Application for Professional Compensation because Shaw Fishman's filing of the bankruptcy case was not filed in good faith, but rather merely an attempt to forum shop. Shaw Fishman should not receive a windfall from the Debtor for the work it performed after its bad faith filing.

        **401 PROPERTIES, INC.,**

        /s/ Michael C. Moody

Michael C. Moody (ARDC No. 620518)
O'Rourke & Moody
55 W. Wacker Drive, Suite 1400
Chicago IL 60601
(312) 849-2020
mmoody@orourkeandmoody.com